IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MARLOS CELIS-SOSA, | : | MOTION TO VACATE |
| BOP No. 62260-019, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 4:12-CV-247-RLV-WEJ |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 4:10-CR-43-4-RLV-WEJ |

| | | |
|---|---|---|
| LUCIO CELIS-SOSA, | : | MOTION TO VACATE |
| BOP No. 62259-019, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 4:12-CV-246-RLV-WEJ |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 4:10-CR-43-5-RLV-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

Movants pro se, Marlos and Lucio Celis-Sosa, were each represented by retained counsel during plea and sentencing proceedings in the criminal case listed in the caption. Each movant pled guilty, and neither movant appealed his conviction or sentence. Some eight months after having been sentenced, each movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, complaining that he received ineffective assistance of counsel

[236, 237]. Although the § 2255 motion form requires the person completing it to set forth "the specific facts that support your claim," each of the movants wrote only: "My attorney failed to communicate the sentencing correctly, the interpreter did not explain the consequences of the sentencing correctly." (Mot. [236] 4; Mot. [237] 4.)[1]

On October 22, 2012, the undersigned ordered each movant "to submit a detailed description of the specific facts that support his claim within **TWENTY-ONE (21) DAYS**." (Order of Oct. 22, 2012 [238], at 1.) The undersigned specifically cautioned each movant that failure to comply fully might result in the dismissal of this case. (Id. at 2 (citing N.D. Ga. R. 41.3(A)(2).)

As of the date of this Report, neither movant had responded. Therefore, the undersigned **RECOMMENDS** that these cases be **DISMISSED WITHOUT PREJUDICE** because the movants have failed to comply with a lawful court order. See N.D. Ga. R. 41.3(A)(2).

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made

---

[1] The Court refers to the Motions by the PDF page numbers assigned via electronic docketing; rather, than those documents' internal page numbering.

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Neither movant has demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable.

The undersigned further **RECOMMENDS** that Certificates of Appealability be **DENIED** in these cases.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 27th day of November, 2012.

/s/ Walter E. Johnson
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

3